Conway B., J. In February, 1833, Ezekiel Dugan recovered a judgment against John H. Cocke, for about $200. He sued out execution against him and it was levied on slaves, and Cocke gave a delivery bond with William Cummins and Absalom Fowler as his securities and the bond was forfeited. Ezekiel Dugan died, and administration of his estate was granted to the plaintiff. Cocke and Cummins having also departed this life, plaintiff instituted this suit on the forfeited bond, against Fowler alone. He demurred to the declaration, and assigned' for cause, that by virtue of the statute under which the bond was given, such bonds, when forfeited, operated as judgments, and thereby became merged and extinguished as bonds, and the court sustained the demurrer. To reverse this decision, the plaintiff prosecutes tire present writ of error. At the time the bond sued on was executed, there was a statute in force here, authorizing the issuing of executions against principals and securities, on the forfeiture of such bonds. But there was nothing in the statute indicating that the Legislature designed, by this provision, any thing more than to facilitate the remedy on the bonds. And notwithstanding they were made the bases of executions, and in this respect given the character and effect of judgments, they were not thereby constituted judgments. In truth, it was not within the scope of legislative authority, to make them such. The Legistature may in their wisdom provide even summary means for the enforcement of rights, but they cannot, by legislation, metamorphose bonds into judgments. They are judicial sentences, not legislative acts. In the case of McNutt et al. v. Wilcox & Feam, Chief Justice Shaejecey, in delivering the opinion of the high court of errors and appeals of Mississippi, says u The statute gives to a forfeifed forthcoming bond, the effect of a judgment, but there is, in truth, no judgment, as the court does not pass-upon it, nor is any judgment entered on the record,” 3 Howard 421. The plaintiff did not lose all remedy on the bond, by the Legislature’s repealing the statute allowing execution. That was only a cumulative remedy, and even before its repeal the obligee might have disregarded it, and resorted to an ordinary suit. And its abrogation did not at all impair the obligatory force of the bond; it only deprived the obligee of the specific remedy prescribed by it, and did not preclude him from redress by an appropriate action. Judgment reversed.